UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**06 CV   1211**

------------------------------------------------------------x

JASON COLE, Individually and on　　　　　　:　　No. 06-CV-
Behalf of All other persons similarly situated,

　　　　　　　　　　　　　　　　　　　　　　:

　　　　-against-　　　　　　　　　　　　　　:　　**NOTICE OF REMOVAL**

　　　　　　　　　　　　　　　　　　　　　　:

WALTER & SAMUELS, INC.

　　　　　　　　　　　　　　　　　　　　　　:

------------------------------------------------------------X

　　　　Defendant, Walter & Samuels, Inc. ("Walter & Samuels"), by its attorneys, Troutman

Sanders LLP, files this notice to remove this action to the United States District Court for the

Southern District of New York and states as follows:

　　　　1.　　　　Walter & Samuels is the only named defendant in the above entitled civil action

which was filed by plaintiff, Jason Cole, in the Supreme Court of the State of New York, County

of New York, Index No. 06-101002, on January 24, 2006.  Mr. Cole served the Summons and

Complaint in the above entitled action, copies of which are annexed hereto as Exhibit "A", upon

Walter & Samuels on January 25, 2006.  A Stipulation Extending Time to Answer or Otherwise

Move has been filed, granting defendant until March 10, 2006 to respond to the Complaint.  A

copy of the Stipulation is annexed hereto as Exhibit "B." No further proceedings have been had

in this action.

　　　　2.　　　　Pursuant to 28 U.S.C. §1446(b), this Notice of Removal has been filed within

thirty days after receipt of the Summons and Complaint by Walter & Samuels.

　　　　3.　　　　This Court has original jurisdiction over the above entitled action pursuant to 28

U.S.C. §1331 on the following grounds:

        (a)     Plaintiff asserts a cause of action under the Fair Labor Standards Act, 29 U.S.C. §216, *et seq.*

    4.     Accordingly, the above entitled action may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

    5.     Walter & Samuels removes the State Court action to this Court without waiver of any defenses, procedural or substantive, that may be available and without waiver of any claims that Walter & Samuels may have with respect to the matters alleged in the Complaint.

    WHEREFORE, defendant Walter & Samuels respectfully requests that this Court assume full jurisdiction of this cause as if it had been originally filed here and that further proceedings in the State Court action be stayed.

Dated: New York, New York
      February 16, 2006

                    Respectfully submitted,

                    TROUTMAN SANDERS LLP

              By    :
                    Lee Henig-Elona (LH-7252)
                    Scott B. Feldman (SF-0918)
                    Attorneys for Defendant
                    The Chrysler Building
                    405 Lexington Avenue
                    New York, New York 10174
                    (212) 704-6114

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )

      Lucille Shyti, being duly sworn, states:  I am not a party to this action, am over 18 years of age and reside in New Hyde Park, New York.

      On February 16, 2006, I served the within document by depositing a true copy thereof in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State addressed to the following persons at the address set forth after the name:

                Christine A. Palmieri, Esq.
                Liddle & Robinson, LLP
                800 Third Avenue
                New York, New York 10022

                Jeffrey M. Gottlieb, Esq.
                Berger & Gottlieb
                150 East 18th Street, Suite PHR
                New York, New York 10003

                Lucille Shyti

Sworn to before me this
16th day of February, 2006

              Notary Public

ISIDORE ZIMERMAN
Notary Public, State of New York
No. 4506754
Qualified in Rockland County
Certificate Filed in New York County
Commission Expires July 31, 20___

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------x

JASON COLE, Individually and on                          :
Behalf of All other persons similarly situated,

                                    Plaintiff,           :

        -against-                                        :

WALTER & SAMUELS INC.,                                   :

                                    Defendant.           :

                                                         :
-----------------------------------------------------------x

Index No.  06101002

Date Purchased

Plaintiff designates New York
County as the place of trial

The basis of the venue is defendant's
principal place of business

**SUMMONS**

Plaintiff resides at 1780 Davidson
Avenue, Bronx, New York 10453
County of Bronx

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to

serve a copy of your answer, or, if the complaint is not served with this summons, to serve a

notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this

summons, exclusive of the day of service (or within 30 days after the service is complete if

this summons is not personally delivered to you within the State of New York); and in case

of your failure to appear or answer, judgment will be taken against you by default for the

relief demanded in the complaint.

Dated: New York, New York
        January 24, 2006

                                                FILED
                                                JAN 24 2006
                                                NEW YORK
                                                COUNTY CLERKS

                        LIDDLE & ROBINSON, L.L.P.

                        By: _____
                                Christine A. Palmieri
                        800 Third Avenue
                        New York, New York 10022
                        Telephone: (212) 687-8500
                        Facsimile: (212) 687-1505

Jeffrey M. Gottlieb
BERGER & GOTTLIEB
150 East 18th Street, Suite PHR
New York, New York 10003
Telephone: (212) 228-9795

ATTORNEYS FOR PLAINTIFF

TO:   WALTER & SAMUELS INC.
      419 Park Avenue South
      New York, New York 10016

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------- x

JASON COLE, Individually and
on Behalf of All other persons similarly situated,

      Plaintiffs,

   -against-

WALTER & SAMUELS INC.,

      Defendant.

-------------------------------------------------------------- x

Index No. _____

**CLASS/COLLECTIVE
ACTION COMPLAINT**
06101002



Plaintiff, on behalf of himself and all others similarly situated, alleges for his

complaint against Walter & Samuels Inc. ("W&S"), upon knowledge with respect to his own acts

and upon information and belief with respect to all other matters, as follows:

### NATURE OF THE ACTION

   1.  Plaintiff alleges on behalf of himself and a class of other similarly situated

current and former employees of W&S, pursuant to CPLR Article 9, that they are entitled to back

wages from W&S for overtime work for which they did not receive overtime premium pay, as

required by the New York Labor Law §§ 650 et seq.

   2.  Plaintiff further alleges on behalf of himself and other similarly situated

current and former employees of W&S and who elect to opt into this action pursuant to the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are (i) entitled to unpaid wages from

W&S for overtime work for which they did not receive overtime premium pay, as required by law,

and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq.

## THE PARTIES

3.      Plaintiff, Jason Cole, was at all relevant times an adult individual residing at 1780 Davidson Avenue, Bronx, New York 10453.

4.      Upon information and belief, W&S is a corporation authorized to do business, and which is doing business, in New York State and New York County, with its principal place of business located at 419 Park Avenue South, New York, New York 10016.

## CLASS ALLEGATIONS

5.      Plaintiff sues on his own behalf and on behalf of a class of persons under CPLR Article 9.

6.      The class is comprised of all persons who were employed by W&S during the longest period of time permitted by the applicable statute of limitations (the "Statutory Period") who were non-exempt employees within the meaning of the New York Labor Law and have not been paid wages in violation of the New York Labor Law (the "Class"). The Class does not include W&S's directors, officers or members of their families.

7.      The practices of failing to pay wages complained of herein affect each member of the Class. The members of the Class are so numerous that joinder of all members is impracticable. The precise number of such persons is unknown, and the facts on which the calculation of that number can be precisely made are presently within the sole control of W&S.

2

8.    There exist no conflicts of interest as between the Plaintiff and the other Class members.    The Plaintiff has retained counsel that is competent and experienced in employment law and class action litigation.  The Plaintiff and his counsel will fairly and adequately represent the interests of the Class.

9.    This class action is superior to any other method for the fair and efficient adjudication of this dispute.  The damages suffered by many members of the Class are small in relation to the expense and burden of individual litigation and therefore it is highly impractical for individual Class members to attempt to vindicate their interests individually.  There will be no extraordinary difficulty in the management of this Class action.

10.    The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in court against corporate defendants.

11.    W&S has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

12.    All Class members have been damaged in the same fashion, by the same conduct.  The degree of damages suffered by individual Class members is readily calculable according to an ascertainable formula.  For these reasons, questions of law and fact will

3

predominantly be common to the Class. Among the questions of law and fact common to the Class are:

       a.      whether W&S employed the members of the Class within the meaning of the New York Labor Law;

       b.      what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

       c.      whether W&S failed and/or refused to pay the members of the Class premium pay for hours worked in excess of eight hours per day and/or forty hours per workweek and more than ten hours a day within the meaning of the New York Labor Law;

       d.      whether W&S is liable for all damages claimed hereunder, including but not limited to compensatory damages, interests, costs and disbursements and attorneys' fees; and

       e.      whether W&S should be enjoined from such violations of New York law in the future.

## COLLECTIVE ACTION ALLEGATIONS

       13.      Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by W&S during the Statutory Period who were non-exempt employees within the meaning of the FLSA and who were not paid wages in violation of the FLSA (the "Collective Action Class"). The Collective Action Class does not include W&S's directors, officers or members of their families.

4

14.   The practices of failing to pay wages complained of herein affect each member of the Collective Action Class.  The members of the Collective Action Class are so numerous that joinder of all members is impracticable.  The precise number of such persons is unknown, and the facts on which the calculation of that number can be precisely made are presently within the sole control of W&S.

15.   There exist no conflicts of interest as between the Plaintiff and the other Collective Action Class members.  The Plaintiff has retained counsel that is competent and experienced in both employment law and class action litigation.  The Plaintiff and his counsel will fairly and adequately represent the interests of the Collective Action Class.

16.   This collective action is superior to any other method for the fair and efficient adjudication of this dispute.  The damages suffered by many members of the Collective Action Class are small in relation to the expense and burden of individual litigation and therefore it is highly impractical for individual Collective Action Class members to attempt to vindicate their interests individually.  There will be no extraordinary difficulty in the management of this collective action.

17.   The claims of Plaintiff are typical of the claims of the Collective Action Class, and a collective action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in court against corporate defendants.

5

18.    W&S acted or refused to act on grounds generally applicable to the Collective Action Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Collective Action Class as a whole.

19.    All Collective Action Class members have been damaged in the same fashion, by the same conduct. The degree of damages suffered by individual Collective Action Class members is readily calculable according to an ascertainable formula. For these reasons, questions of law and fact will predominantly be common to the Collective Action Class. Among the questions of law and fact common to the Collective Action Class are:

   a.    whether W&S employed the Collective Action members within the meaning of the FLSA;

   b.    what proof of hours worked is sufficient where the employer fails in its duty to maintain the time records;

   c.    whether W&S failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of C.F.R. § 516.4;

   d.    whether W&S failed and/or refused to pay the Collective Action Members overtime compensation for hours worked in excess of eight hours per day and/or forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

   e.    whether W&S's violations of the FLSA are willful as that term is used within the context of the FLSA;

6

f.  whether W&S is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

g.  whether W&S should be enjoined from such violations of the FLSA in the future.

## FACTS

20.  At all relevant times, W&S operated a business which, in relevant part, provided real estate services throughout the New York metropolitan area.

21.  For approximately ten years until September 2005, Plaintiff was employed as a porter, handyman and security guard by W&S.

22.  Plaintiff's work was performed in the normal course of W&S's business.

23.  Plaintiff's duties did not include managerial responsibilities or the exercise of independent judgment.

24.  Plaintiff often worked in excess of 8 hours per day and/or 40 hours a week, yet W&S willfully failed to pay Plaintiff overtime compensation of one and one-half time his regular hourly rate, and for an extra hour in each day worked over ten hours in violation of the New York Labor Law.

25.    As evidenced by Plaintiff's pay stubs, he was paid for hours up to 40 per week, as well as those in excess of 40 per week, at the same hourly rate.

26.    Throughout the Statutory Period, W&S has likewise employed other individuals like the Plaintiff in non-exempt positions and that did not include any managerial responsibilities or the exercise of independent judgment.

27.    Such other individuals have worked in excess of 40 hours a week and more than 8 hours a day, yet W&S has willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate, and for an extra hour in each day worked over ten hours in violation of the New York Labor Law.  As stated above, the exact number of such individuals is presently unknown, but is within the sole knowledge of W&S and can be ascertained through appropriate discovery.

28.    Throughout the Statutory Period, upon information and belief W&S failed to maintain accurate and sufficient time records.

## FIRST CLAIM FOR RELIEF:
## NEW YORK LABOR LAW

29.    Plaintiff, on behalf of himself and the members of the Class, reallege and incorporate by reference paragraphs 1 through 28, as if fully set forth herein.

30.    At all relevant times, Plaintiff and the members of the Class were employed by W&S within the meaning of the New York Labor Law, §§ 2 and 651.

8

31.    W&S willfully violated Plaintiff's rights and the rights of the members of the Class, by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of eight hours per day and/or forty hours in a workweek, and an additional hour of pay for each hour worked in excess of ten hours in one day, in violation of the New York Labor Law and its regulations.

32.    W&S's New York Labor Law violations have caused Plaintiff and the members of the Class irreparable harm for which there is no adequate remedy at law.

33.    Due to W&S's New York Labor Law violations, Plaintiff and the members of the Class are entitled to recover from W&S their unpaid overtime compensation, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## SECOND CLAIM FOR RELIEF:
## FAIR LABOR STANDARDS ACT

34.    Plaintiff, on behalf of himself and all Collective Action Members, realleges and incorporate by reference paragraphs 1 through 33 as if fully set forth herein.

35.    At all relevant times, W&S has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 203, 206(a) and 207(a).

9

36.     At all relevant times, W&S employed, and/or continues to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

37.     Upon information and belief, at all relevant times, W&S has had gross annual revenues in excess of $500,000.

38.     Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).  Plaintiff's written consent is attached hereto and incorporated by reference.

39.     At all relevant times, W&S had a policy and practice of refusing to pay overtime compensation to its employees for their hours worked in excess of eight hours per day and/or forty hours per workweek.

40.     As a result of W&S's willful failure to compensate its employees, including Plaintiff and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of eight hours per day and/or forty hours in a workweek, W&S has violated and continues to violate the FLSA, 29 U.S.C. §§ 2-1 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

41.     As a result of W&S's failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, W&S has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

10

42.    As a result of W&S's failure to post or keep posted a notice explaining the overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, W&S has violated and continues to violate C.F.R. § 516.4.

43.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

44.    Due to W&S's FLSA violations, Plaintiff, on behalf of himself and the Collective Action members, are entitled to recover from W&S their unpaid overtime compensation, an additional amount equal to one-hundred percent (100%) of their unpaid overtime pay as liquidated damages, pre-and post judgment interest, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Wherefore, Plaintiff on behalf of himself, the Class and the Collective Action Class, requests that this Court grant the following relief:

  a.    Certification of this action as a class action pursuant to CPLR Article 9 on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

  b.    Designation of this action as a collective action on behalf of the members of the Collective Action Class, appointing Plaintiff and his counsel to represent the Collective Action Class and prompt issuance

11

of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b).

c.     A declaratory judgment that the practices complained of herein are unlawful under the New York Labor Law and the FLSA;

d.     An injunction against W&S and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patters set forth herein;

e.     An award of unpaid wages and overtime compensation due under the New York Labor Law and the FLSA against W&S;

f.     An award of liquidated and/or punitive damages against W&S as a result of it willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g.     An award of pre-judgment and post-judgment interest;

h.     An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

i.     Such other and further relief as this Court deems just and proper.

12

Dated: New York, New York
January 24, 2006

LIDDLE & ROBINSON, L.L.P.

By: _____
     Christine A. Palmieri
800 Third Avenue
New York, New York 10022
Telephone: (212) 687-8500
Facsimile: (212) 687-1505

Jeffrey M. Gottlieb
BERGER & GOTTLIEB
150 East 18th Street, Suite PHR
New York, New York 10003
Telephone: (212) 228-9795

ATTORNEYS FOR PLAINTIFF

13

Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------X
JASON COLE, Individually and on Behalf of all
other persons similarly situated,

                                    Plaintiff,

- against -

WALTER & SAMUELS INC.,

                                     Defendant.
-------------------------------------------------------------------X

Index No. 06-101002

**STIPULATION EXTENDING
TIME TO ANSWER OR
OTHERWISE MOVE**

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, that

the time within which defendant Walter & Samuels Inc. is required to answer, move, or

otherwise respond to the Summons and Class/Collective Action Complaint is extended until

Friday, March 10, 2006.

LIDDLE & ROBINSON, LLP,
Attorneys for Plaintiff

By: _____
      Christine A. Palmieri

800 Third Avenue
New York, New York 10022

Telephone: (212) 687-8500
Facsimile: (212) 687-1505

Dated: as of February 10, 2006

TROUTMAN SANDERS LLP
Attorneys for Defendant

By: _____
      Lee Henig-Elona

405 Lexington Avenue
New York, New York 10174

Telephone: (212) 704-6114
Facsimile: (212) 704-6288

NEWYORK01 1097521v1 357382-000001 02/10/2006